UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS CRANOR<br><br>    Plaintiff(s),<br><br>   v.<br><br>ILLUMINATE EDUCATION, INC.<br><br><br>    Defendant(s). | CASE NO:<br>8:22−cv−01404−JVS−JDE<br><br>INITIAL ORDER FOLLOWING FILING OF COMPLAINT ASSIGNED TO JUDGE SELNA |

**Important Notice**: The Court posts tentative law and motions rulings to the internet. Please see Section P, below

COUNSEL FOR PLAINTIFF SHALL SERVE THIS ORDER ON ALL DEFENDANTS AND/OR THEIR COUNSEL ALONG WITH THE SUMMONS AND COMPLAINT, OR IF THAT IS NOT PRACTICABLE AS SOON AS POSSIBLE THEREAFTER. IF THIS CASE WAS ASSIGNED TO THIS COURT AFTER BEING REMOVED FROM STATE COURT, THE DEFENDANT WHO REMOVED THE CASE SHALL SERVE THIS ORDER ON ALL OTHER PARTIES.

///

This case has been assigned to the calendar of Judge James V. Selna. The intent of this Order is to ensure that this case will proceed so as "to secure [a] just, speedy and inexpensive determination." (Fed.R.Civ. P., Rule 1.)

A. **THE COURT'S ORDERS**

Copies of Judge Selna's orders that may have specific application to this case are available on the Central District of California website. See ¶ N. Those orders include the following:

(1) Order Setting Rule 26(f) Scheduling Conference
(2) Order re Civil Jury Trials
(3) Order re Civil Court Trials
(3) Order re RICO Case Statement

B. **SERVICE OF PLEADINGS**

Although Fed.R.Civ.P., Rule 4(m) does not require the summons and complaint to be served for as much as 90 days, the Court expects that the initial pleadings will be served much sooner than that, and will require plaintiff to show cause before then if it appears that there is undue delay.

C. **ASSIGNMENT TO A MAGISTRATE JUDGE**

Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all proceedings, including trial. The Magistrate Judges who accept those designations are identified on the Central District's website, which also contains the consent form. See ¶ N.

### D. EX PARTE PRACTICE

*Ex parte* applications are solely for extraordinary relief and should be used with discretion. See Mission Power Engineering Company v. Continental Casualty Co., 883 F. Supp. 488 (C. D. Cal. 1995). The Court will generally decide *ex parte* matters on the papers. Opposition to an *ex parte* application, if any, should be submitted within 24 hours.

### E. APPLICATIONS AND STIPULATIONS FOR EXTENSIONS OF TIME

No stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them. Both applications and stipulations must set forth:

1. The existing due date or hearing date;

2. Specific, concrete reasons supporting good cause for granting the extension. In this regard, a statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing negotiations: Have written proposals been exchanged? Is counsel in the process of reviewing a draft settlement agreement? Has a mediator been selected?

3. Whether there have been prior requests for extensions, and whether these were granted or denied by the Court.

///

///

### F. TROs AND INJUNCTIONS

Parties seeking emergency or provisional relief shall comply with F.R.Civ.P., Rule 65 and Local Rule 65. The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim.

### G. CASES REMOVED FROM STATE COURT

All documents filed in state court, including documents appended to the complaint, answers and motions, must be refiled in this Court as a supplement to the Notice of Renewal, if not already included. See 28 U.S.C. § 1447(a),(b). If the defendant has not yet answered or moved, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District. If before the case was removed a motion was pending in state court, it must be re−noticed in accordance with Local Rule 7.

### H. STATUS OF FICTITIOUSLY NAMED DEFENDANTS

This Court intends to adhere to the following procedures where a matter is removed to this Court on diversity grounds with fictitiously named defendants. (See 28 U.S.C. §§ 1441(a) and 1447.)

1. Plaintiff is normally expected to ascertain the identity of and serve any fictitiously named defendants within 120 days of the removal of the action to this Court.

///

2. If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 120–day period, an *ex parte* application requesting permission to extend that period to effectuate service may be filed with this Court. Such application shall state the reasons therefor, and may be granted upon a showing of good cause. The *ex parte* application shall be served upon all appearing parties, and shall state that appearing parties may comment within seven (7) days of the filing of the *ex parte* application.

3. If plaintiff desires to substitute a named defendant for one of the fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for the previously–identified defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff may apply *ex parte* requesting such amendment, with notice to all appearing parties. Each party shall have seven calendar days to respond. The *ex parte* application and any response should comment not only on the substitution of the named party for a fictitiously named defendant, but on the question of whether the matter should thereafter be remanded to the Superior Court if diversity of citizenship is destroyed by the addition of the new substituted party. *See* U.S.C. § 1447(c), (d).

### I. <u>BANKRUPTCY APPEALS</u>

Counsel shall comply with the ORDER RE PROCEDURE TO BE FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the time the appeal is filed in the District Court.

///

///

///

## J. MOTIONS UNDER FED.R.CIV.P. RULE 12

Many motions to dismiss or to strike could be avoided if the parties confer in good faith (as they are required to do under L.R. 7–3), especially for perceived defects in a complaint, answer or counterclaim which could be corrected by amendment. See Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend his complaint "once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P., Rule 15(a). A 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend. See Nolen v. Fitzharris, 450 F.2d 958, 958–59 (9th Cir. 1971); St. Michael's Convalescent Hospital v. California, 643 F.2d 1369, 1374 (9th Cir. 1981). And even where a party has amended his Complaint once or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." F.R.Civ.P., Rule 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

These principles require that counsel for the plaintiff should carefully evaluate the defendant's contentions as to the deficiencies in the complaint, and that in many instances the moving party should agree to any amendment that would cure a curable defect.

The moving party shall attach a copy of the challenged pleading to the Memorandum of Points and Authorities in support of the motion.

///

///

The foregoing provisions apply as well to motions to dismiss a counterclaim, answer or affirmative defense, which a plaintiff might contemplate bringing.

### K. REQUIREMENTS FOR BRIEFS

In addition to the requirements in Local Rule 11, the Court requires the following for all briefs:

    1. No footnote shall exceed 5 lines. The Court strongly discourages the use of extensive footnotes as a subterfuge to avoid page limitations in the Local Rules.

    2. All footnotes shall be in the same type size as text. See Local Rule 11–3.1.1.

    3. Each case cited shall include a jump cite to the page or pages where the relevant authority appears (e.g., United States v. Doe, 500 U. S. 1, 14, 17 (1997)).

Failure to follow these requirements may result in rejection of a brief for correction.

### L. LEAD COUNSEL

Lead counsel shall appear on all dispositive motions, scheduling conferences, and settlement conferences. **The Court does not entertain special appearances; only counsel of record may appear.**

### M. COURTESY COPIES

A courtesy copy of all electronically filed pleadings shall be delivered to Judge Selna's courtesy copy drop on the tenth floor at the rear of the elevator lobby by noon the day following filing. **Failure to make timely delivery of the courtesy copies may result in a delay in hearing a motion or ordering the matter off calendar**.

### N. ELECTRONIC COPIES

When the Court requires an electronic copy of a document (*e.g.,* with proposed jury instructions), a copy shall be submitted at time of filing in one of the following manners: providing a copy on a disk, CD, or thumb drive in a labeled envelope and lodged with the clerk; or by e–mailing a copy to the Courtroom Deputy (JVS_Chambers@cacd.uscourts.gov). Regardless of media, the document should be formatted in WordPerfect9 or higher.

### O. WEBSITE

Copies of this Order and other orders of this Court are available on the Central District of California's website, at "www.cacd.uscourts.gov" at Judge Selna's home page located under "Judge's Procedures and Schedules."

### P. TENTATIVES–DAY OF HEARING AND WEB POSTING

The Court attempts to issue tentative rulings on each motion. Tentatives will be posted on the Court's website: www.cacd.uscourts.gov/. From the home page, click on "Judges' Procedures and Schedules" in the left column. From the

list click on "Hon. James V. Selna," which will take you to Judge Selna's page. Click on the red notice in the upper left: "Click here to view Tentative Rulings." Then click on the desired ruling which comes up in a .pdf file which can be read with an Adobe Acrobat reader. Judge Selna attempts to post tentatives by late Friday afternoon preceding the hearing date. Hard copies of tentatives will also be available from the clerk approximately 15 minutes before the hearing.

### Q. EMERGENCY AFTER-HOURS CONTACTS

In the event that an after-hours emergency arises, the Court can be reached through United States Marshal's Command Center in Los Angeles (213-894-2485) or Santa Ana (714-338-4610).

The Court thanks counsel and the parties for their anticipated cooperation.

**IT IS SO ORDERED.**

DATED: August 1, 2022

_____
James V. Selna
United States District Judge